```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Nelson Santana

    v.                                   Civil No. 05-cv-64-JD

United States of America


O R D E R

Nelson Santana was convicted of conspiracy to distribute and to possess with intent to distribute cocaine in September of 2002.  He was sentenced under the federal Sentencing Guidelines to 121 months in prison to be followed by four years of supervised release.  His conviction was affirmed on appeal. United States v. Santana, 342 F.3d 60 (1st Cir. 2003).  Santana now seeks relief from his conviction and sentence under 28 U.S.C. § 2255, asserting that his trial counsel was constitutionally ineffective and that his sentence violates United States v. Booker, 125 S. Ct. 738, 755-56 (2005).  Santana also seeks discovery and a hearing on his ineffective assistance of counsel claim.


A.   Booker

Santana did not raise any issue pertaining to his sentence in his direct appeal.  For purposes of habeas corpus relief, he argues, for the first time, that his sentence under the federal

Sentencing Guidelines violates the Sixth Amendment.  He asks that his sentence be invalidated and that he be resentenced under the sentencing regime used since Booker.[1]  See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

Because Santana failed to raise a sentencing issue on appeal, he has procedurally defaulted that claim here.  Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005).  He can overcome the default only by showing cause and actual prejudice resulting from the default or that he is actually innocent of the offense of conviction.[2]  Id.  Even if Santana were able to show cause for his failure to challenge his sentence on appeal, which has not been established in the present record, he cannot show prejudice.  Booker does not apply retroactively in habeas cases.  See United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005).  In addition, the sentence imposed, 121 months, was both appropriate and well under the statutory maximum of forty years, based upon the jury's verdict.  See 18 U.S.C. § 3553(a); 21 U.S.C. § 841(b)(1)(b)(ii)(II).

---

[1] In Booker, the Supreme Court invalidated the provisions of the Sentencing Reform Act that made the federal Sentencing Guidelines mandatory.  125 S. Ct. at 746.

[2] Santana does not argue actual innocence.

B.  Ineffective Assistance of Counsel

Santana contends that his trial counsel was ineffective because he did not challenge the admissibility of recordings of wire intercepts of telephone conversations and digital surveillance photographs that were introduced at trial by the government.  Constitutionally ineffective assistance of counsel is "deficient performance by counsel resulting in prejudice." Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005).  To establish that claim, the habeas petitioner must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's failures, the outcome would likely have been different." Cirilo-Munoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Strickland v. Washington, 466 U.S. 687 (1984)).

Counsel's performance is not objectively unreasonable unless the action he failed to take was "'so obvious and promising that no competent lawyer could have failed to pursue it.'" Id. (quoting Arroyo v. United states, 195 F.3d 54, 55 (1st Cir. 1999)).  Having presided at Santana's trial and being familiar with the evidence Santana now challenges and the representation Santana's counsel provided, the court is more than satisfied that counsel's performance was not objectively unreasonable.  The wire intercept recordings and the photographs were sufficiently

3

accurate and clear to be admissible.  Santana's counsel's decision not to challenge that evidence was an appropriate professional judgment.  Therefore, Santana has not shown a viable claim of ineffective assistance of counsel.

C.  Discovery and Hearing

Santana moves for discovery on his ineffective assistance of counsel claim, seeking to inspect the magnetic optical disks that contain the wire intercept recordings, the telephone billing records and pen registers for witness Alfred Nickerson's cellular telephone, the manufacturer documentation and service records for the intercept equipment, and the digital surveillance images.  He also requests a hearing on that claim.

The court, in its discretion, may allow discovery in a habeas proceeding upon a showing of good cause.  Fed. R. 6(a) Governing § 2255 Cases.  Good cause exists when the petitioner's allegations provide reason to believe that the petitioner might be able to show, if the facts were fully developed, that he is entitled to the relief he requests.  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).  Given the court's conclusion that Santana did not receive ineffective assistance of counsel, his motion for discovery is denied.  Similarly, because Santana's ineffective assistance claim is meritless, a hearing is not necessary.  Fed.

4

R. 8(a) Governing § 2255 Cases.

## Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus (document no. 1) and the petitioner's motion for discovery (document no. 2) are denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 26, 2005

cc:   Kevin L. Barron, Esquire
      Laurence B. Cote, Esquire
      Peter E. Papps, Esquire