UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Nelson Santana

    v.                                             Civil No. 05-cv-64-JD
                                                  Opinion No. 2010 DNH 110

United States of America

O R D E R

In 2002, Nelson Santana was convicted of conspiracy to distribute and to possess with intent to distribute cocaine. He was sentenced to 121 months in prison and four years of supervised release. Santana's conviction was affirmed on appeal. See United States v. Santana, 342 F.3d 60 (1st Cir. 2003). On February 22, 2005, Santana filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and the motion was denied (doc. no. 17). Santana filed a notice of appeal and requested a certificate of appealability from this court. The court declined to issue a certificate of appealability because Santana did not make a substantial showing of a constitutional violation. Santana then moved for reconsideration of that order and to alter or amend the judgment. The court denied the motion in October, 2005. On April 24, 2006, the First Circuit denied Santana's application for a certificate of appealability and terminated the appeal (doc. 31).

Santana now moves for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6).  The United States objects, arguing that the motion is untimely and, in the alternative, that Santana fails to carry his burden to show that he is entitled to relief under Rule 60(b).

## Background[1]

After a four-day trial, a jury convicted Santana of conspiring to distribute and to possess with intent to distribute cocaine.  United States v. Santana, 02-cr-45-JD.  In addition to the guilty verdict, the jury returned a special verdict that Santana's conspiracy involved 500 grams or more, but less than 5 kilograms, of cocaine.  This finding established a statutory minimum sentence, under 21 U.S.C. § 841(b)(1)(B), of five years and a statutory maximum of forty years.

At sentencing, the court stated that it was "not bound by the jury's determination of quantity when it comes to deciding how much the defendant is responsible for; however, the Court can certainly consider the jury's findings as a factor in making its own determination."  Sentencing Trans. at 9.  The court

---

[1] The events leading to Santana's arrest and trial are recounted in the decision denying Santana's appeal, United States v. Santana, 342 F.3d 60 (1st Cir. 2003), and will not be repeated here.

determined that Santana was responsible for between 3.5 and 5 kilograms of cocaine.  Id. at 10.  This resulted in a base offense level of 30, which, when combined with a criminal history category of I, yielded a guideline range of 97 to 121 months.  The prosecution moved for an upward departure, but the court denied the motion and sentenced Santana to 121 months in prison.

In his direct appeal, Santana raised several evidentiary challenges.  He argued that the trial court erred in denying his motion to suppress evidence and for a hearing under Franks v. Delaware, 438 U.S. 154 (1978); in permitting the introduction of evidence of a prior drug conspiracy; and in allowing certain portions of the expert testimony of a DEA agent.  Santana did not raise any challenge to his sentence.

In February, 2005, Santana filed his § 2255 motion, in which he alleged that his trial counsel was ineffective.  As a separate claim, he argued that he was entitled to resentencing because he could present relevant evidence that could not have been considered by the court during his sentencing.  In support of his argument for resentencing, Santana relied primarily on the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005).  He contended that, under the legal landscape at the time of his sentencing in 2003, the court had had no discretion to consider the evidence Santana wished to present, but that Booker,

which was decided more than a year after Santana's conviction was affirmed on direct appeal, now applied and allowed the court to consider the evidence upon resentencing.

The court denied Santana's motion in July, 2005. Santana's ineffective assistance claim failed because his trial counsel's assistance was not objectively unreasonable. Any sentencing issue was procedurally defaulted because he did not raise it on direct appeal and he failed to show cause and prejudice resulting from the default, or that he was actually innocent. The court also found no prejudice because "Booker does not apply retroactively in habeas cases." Doc. no. 17, at 2.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for any of six listed reasons. Five of the reasons are specified, while the sixth is a "catch-all" and permits relief for "any other reason that justifies" it. Fed. R. Civ. P. 60(b)(6).

## Discussion

Santana requests that the court reopen and vacate its July 25, 2005, order denying his § 2255 motion. In support of his

4

motion, Santana states that the court made two mistakes.  He claims that the court was incorrect when it ruled that his sentencing argument was procedurally defaulted because he "raised his claim on the basis of ineffective assistance of counsel as 'cause and prejudice.'"  Doc. no. 34, at 4.  Santana also argues that the court's determination that Booker was not retroactive was misplaced because Santana was convicted and sentenced after the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000).

The government opposes Santana's motion, arguing that it should be construed as a motion under Rule 60(b)(1), not 60(b)(6); that under either subsection, his motion is untimely; and that even if it were timely, it fails because Santana does not meet the burden for relief under Rule 60(b)(6).

I.   Timeliness

Santana filed his motion for relief from judgment on May 17, 2010, citing Federal Rule of Civil Procedure 60(b)(6).[2]  The order and judgment from which he seeks relief were entered on

---

[2]The court declines to construe Santana's motion under Rule 60(b)(1), as the government urges.  See Fisher v. Kadant, Inc., 589 F.3d 505, 513 n.5 (1st Cir. 2009) ("[T]his court has held that an error of law cannot be regarded as a 'mistake' within the purview of Rule 60(b)(1).").

5

July 25, 2005.  "A motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c).  "[A] reasonable time for purposes of Rule 60(b)(6) may be <u>more or less</u> than the one-year period established for filing motions under Rule 60(b)(1)-(3)."  <u>Cotto v. United States</u>, 993 F.2d 274, 280 (1st Cir. 1993) (emphasis in original).  Reasonableness can be determined from "the facts of [the] case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties."  <u>Planet Corp. v. Sullivan</u>, 702 F.2d 123, 126 (7th Cir. 1983) (citing <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir. 1981)); <u>see also</u> <u>United States v. Boch Oldsmobile, Inc.</u>, 909 F.2d 657, 661 (1st Cir. 1990) (in holding Rule 60(b)(4) motion untimely, court examined interest in finality, reason for delay, and prejudice to opposing party).

    Santana did not file his 60(b)(6) motion until almost five years after the order denying his § 2255 motion.  Although he is incarcerated and not represented by counsel, such a lengthy delay is unreasonable under the circumstances.  Santana's motion raises objections only to the court's July 25, 2005, order, and he essentially reiterates an argument he made in his § 2255 motion.  Thus, the grounds for his motion were, or should have been,

apparent as of the date he received a copy of that order.[3] Although it can take time to research and draft a motion, particularly within the confines of the penal system, a five-year delay is not reasonable.

While the government did not articulate that it would be prejudiced if Santana's civil case were re-opened, the passage of a significant amount of time weighs against Santana because of the interest in finality. No justifications for Santana's tardiness have been presented. The court finds that the motion is untimely under Rule 60(b)(6).

## II. Merits

Even if Santana's motion were timely, it would be denied because he does not have a meritorious claim. In order to succeed, Santana would have to demonstrate that extraordinary circumstances exist to warrant relief. Ungar v. Palestine Liberation Org., 599 F.3d 79, 84 (1st Cir. 2010). Not only has he failed to satisfy this high bar, but both of his arguments are incorrect.

---

[3]Santana must have received a copy of that order at least by August 3, 2005, the date on which he filed a notice that he was appealing the order. Doc. no. 19. Even if the court did not consider the time during which Santana's § 2255 appeal was pending, he still waited more than four years to file the instant motion.

### A. Ineffective Assistance as Cause and Prejudice

Santana argues that the court erred in finding that his Booker claim was procedurally defaulted, because he showed cause and prejudice in the form of ineffective assistance of counsel.

In arguing that Booker should be applied on collateral review, Santana stated, "Without approaching the issue of whether counsel failed to pursue sentencing arguments on direct appeal . . ., [Santana] would still be entitled to prosecute the issue on collateral review." Doc. no. 1, at 13. Santana went on to discuss the cause and prejudice standard for overcoming procedural default in § 2255 motions, and argued that the court should find cause in the "posture of the US sentencing law at the time of his plea" and prejudice in the fact that Santana might have presented sentencing information but did not because, before Booker, it was irrelevant. Id. at 14. Santana also examined Teague v. Lane, 489 U.S. 288 (1989) and contended that Booker should have been applied retroactively because it was a "'watershed rule' of criminal procedure." Doc. no. 1, at 15.

At no point during the discussion in his § 2255 motion of his sentence and the applicability of Booker did Santana mention ineffective assistance of counsel as the cause for his failure to raise the issue on direct appeal. In fact, Santana acknowledged that his trial counsel "made all the then-applicable Sixth

Amendment arguments under Apprendi." Santana also admitted that "[a]ny argument that anticipated the . . . ruling in Booker . . . would have been considered highly speculative," and "any Apprendi argument about drug quantity for a sentence below the statutory maximum could have been considered frivolous at the time of filing Mr. Santana's appeal." Id. at 14.

Moreover, in his supplemental memorandum, which addressed his arguments under Booker, Santana stated that his "Sixth Amendment ineffectiveness of counsel claims . . . are not the subject of this supplemental memorandum." Doc. no. 16, at 2. He also urged the court not to rely on Cirilo-Muñoz v. United States, 404 F.3d 527 (1st Cir. 2005), in which the First Circuit remanded a case for re-sentencing due to ineffective assistance of counsel, but did not resolve the defendant's Booker argument. In sum, while Santana raised ineffectiveness claims, he consistently separated those claims from his Booker claim, and never made any allegations that his Booker argument would have been raised but for his trial counsel's poor representation. Thus, his first ground for relief from judgment has no merit.

    B.   Retroactivity of Booker and Apprendi

Santana's second argument, that the retroactivity of Booker was irrelevant because he was convicted and sentenced

after Apprendi, also fails.  His argument, in both his § 2255 motion and his supplemental memorandum, focused squarely on the requirements and applicability of Booker.  He referred to his "claim for resentencing under Booker," and "this Booker claim," and entitled that section of his argument "Resentencing Under Booker."  Doc. no. 1 at 1, 9.  Although he referred to Apprendi, that case was not the thrust of his claim.[4]  Santana's second ground for relief from judgment, like his first, is meritless.

---

[4]Indeed, had Santana's claim been based on Apprendi, it would have failed not only due to procedural default but also on the merits.  In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  The statutory maximum in Santana's case was forty years.  The court found that he was responsible for 3.5 to 5 kilograms of cocaine, which was one factor in sentencing him to 121 months.  The sentence was far less than the statutory maximum and thus the rule of Apprendi was not violated.

   To the extent Santana intended to argue that Booker applies to him because that case expanded upon Apprendi, which was decided before Santana's sentencing, he is incorrect.  To hold otherwise would subvert the determination that "Booker does not apply retroactively."  Cirilo-Muñoz, 404 F.3d at 533 (citing cases).

Conclusion

For the foregoing reasons, Santana's motion for relief from judgment (doc. no. 34) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 7, 2010

cc: Kevin L. Barron, Esquire
 Laurence B. Cote, Esquire
 Aixa Maldonado-Quinones, Esquire
 Peter E. Papps, Esquire
 Nelson Santana 24213-038, pro se